**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000370
04-MAY-2020
08:08 AM**

NO. CAAP-19-0000370

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
AUSTIN EUGENE GARNER, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5PC-16-1-0377)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellee Austin Eugene Garner (**Garner)** was indicted by a grand jury on four counts: (1) sexual assault in the second degree; (2) burglary in the first degree; (3) unauthorized entry in a dwelling in the second degree; and (4) abuse of family or household members. On January 18, 2019, Garner filed a motion in limine to preclude Plaintiff-Appellant State of Hawaiʻi from offering into evidence a recorded telephone call between Garner and the complaining witness (**CW**). On April 4, 2019, the Circuit Court of the Fifth Circuit[1] entered findings of fact and conclusions of law and granted the motion. The State moved for reconsideration. On April 29, 2019, the circuit court granted reconsideration in part. On May 1, 2019, the circuit court entered amended findings of fact, conclusions of law, and an order granting Garner's motion in limine. The

---

[1] The Honorable Kathleen N.A. Watanabe presided.

State appealed.[2] For the reasons explained below, we vacate the "Amended Findings of Fact, Conclusions of Law, and Order Granting Defendant's Motion in Limine #1" entered by the circuit court on May 1, 2019, and remand for the circuit court to make findings of fact and enter conclusions of law addressing the State's position that the recorded telephone call could be played for the jury, after objectionable portions are edited out, without confusing any issues or potentially misleading the jury.

### BACKGROUND

The offenses for which Garner was indicted allegedly took place on August 19, 2016. On September 14, 2016, CW called Garner on the telephone as part of the investigation conducted by the Kaua'i Police Department (**KPD**). KPD detectives Eric Caspillo and Ray Takekawa were present and recorded the telephone call. The transcript of the call read:

> [Garner]: Hello.
>
> [CW]: Hey Austin. Howzit?
>
> [Garner]: It's okay
>
> [CW]: Quite a mess, huh?
>
> [Garner]: Yeah, totally. I am bummed.
>
> [CW]: Yeah. Me, too.
>
> [Garner]: (Inaudible).
>
> [CW]: Yeah. You know, this all kind of goes back to you, when you came and woke me up sticking your hand inside me that morning, Statehood Day. What was up with that? I don't know why you had to come and do that to me. That's why I had somebody sleeping on my floor. Like why would you do that?

---

[2] The State requests that we take judicial notice of a felony information filed against Garner in another case. We decline the State's request because it did not supply the information it requests that we notice. See Hawaii Rules of Evidence, Rule 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information."). On September 11, 2019, the State moved to supplement the record on appeal with a copy of the felony information filed in Garner's other case. On October 10, 2019, we denied the motion because it did not appear that the felony information was before the circuit court when it entered the orders at issue in this appeal. See Hawai'i Rules of Appellate Procedure, Rule 28(b)(10) ("Anything that is not part of the record shall not be appended to the brief, except as provided in this Rule.").

[Garner]: I don't know. I was bummed to see you -- yeah, just the way I saw you there with the little boy and I was just bummed.

[CW]: What -- what do you have to say about that? Like you're just bummed? Like what do you have to say to me? That was a sexual assault, you stuck your hand inside of my yonie like, come on, my vagina, like woke me up like that. I am really -- I am really upset about that still, like --

[Garner]: Yeah, I am really sorry about that. I was bummed, too.

*[CW]: So what, you're out on bail?*

*[Garner]: Huh?*

*[CW]: So --*

*[Garner]: Yeah, I got bailed out, luckily. I'd be there for quite some time, I'm sure.*

*[CW]: So where are you now, at work?*

*[Garner]: Yeah. How's the kids?*

*[CW]: They're not that great.*

*[Garner]: Are they missing school?*

*[CW]: They missed a little bit, but they're back now.*

*[Garner]: Oh, that's good.*

*[CW]: They're back in school. And I am not really sure what to do about things. I really don't know why -- why you did that to me. I don't know like why you think it's okay to do that to somebody.*

*[Garner]: I -- I don't. I'm sorry. Yeah. I -- I assumed that you guys had been up, getting high all night. You looked like you were completely passed out. And I -- it was just a (inaudible) thing.*

*[CW]: Yeah.*

*[Garner]: I'm sorry.*

*[CW]: Okay. Okay. Well, we're in a pretty big mess here, yeah, with the police and everything, huh?*

*[Garner]: Yeah, totally. I am facing like some felonies.*

*[CW]: Uh-huh. The kids are scared. I am scared.*

*[Garner]: Yeah. I am not sure why fucking -- yeah, definitely regret doing that. I didn't think of the consequences. And that's pretty selfish of me to --*

*[CW]: What, the beating up Jessie or what?*

*[Garner]: Yeah.*

> [CW]: *Or what?*
>
> [Garner]: **The kids, that was pretty lame.**
>
> [CW]: Yeah. Yeah. Well, you know, I really wasn't into you sexually assaulting me like that when you did. You know, I am pretty messed up inside from all of this, and you know it. You know, you were looking at the goddamn blood on your hand, guy. I was on my moon, I was on my period. Like what in the world? I am so -- I don't know what to say.
>
> [Garner]: I don't know. I am sorry.
>
> [CW]: I am trying to --
>
> [Garner]: I frickin' -- I really just wanted to like cuddle up next to you, but, yeah, I'm sorry, I fucked up.
>
> [CW]: Uh-huh. You need to get counseling, guy. I am begging you.
>
> [Garner]: Yeah, totally. I need a lot of help. Well, it's nice to talk to you. I got to go back to work. Maybe we can talk later.
>
> [CW]: Yeah, sure. All right. Well, thank you.
>
> [Garner]: I would like to see the kids if they would like to see me.
>
> [CW]: Right.
>
> [Garner]: Just for a little bit or something.
>
> [CW]: Uh-huh. Okay. Well, call me later.
>
> [Garner]: Huh?
>
> [CW]: Okay. Well, call me later.
>
> [Garner]: Okay. I will.
>
> [CW]: Okay. Thanks.
>
> [Garner]: All right.

(Bold italics added.) On January 18, 2019, Garner filed a motion in limine to preclude the State from introducing or referring to the contents of the telephone call during his trial, because it mentioned another felony assault charge (for "beating up Jessie") for which he made bail and was being separately prosecuted. The State argued that the portion of the telephone call shown in bold italics above could be redacted before the call was played to the jury. The motion was heard on January 16, 2019, along with Garner's motion to suppress statements he later made to Detective Caspillo in an interview after he was arrested for the alleged

4

sexual assault of CW.[3]  The circuit court conducted an evidentiary hearing.  The hearing was continued to January 23, 2019, and again to March 25, 2019.  The circuit court did not issue an oral decision, but asked the parties to submit proposed findings of fact and conclusions of law.

The court ultimately granted the motion and adopted Garner's proposed findings and conclusions.  On April 11, 2019, the State moved for reconsideration.  The motion was heard on April 17, 2019.  In addition to repeating his argument based on Hawaii Rules of Evidence (**HRE**), Rule 403 (prejudice vs. probative value), Garner argued for the first time that the recording of his telephone call with CW should be excluded based upon HRE Rule 106 (remainder of recorded statements).  The circuit court granted the motion for reconsideration in part by correcting inaccurate dates, but did not change its ruling excluding the entire telephone call.  The circuit court entered amended findings of fact and conclusions of law, and an order granting Garner's motion in limine, on May 1, 2019.  The findings and conclusions relevant to this appeal were:

### FINDINGS OF FACT

1.  On September 13, 2016, the complaining witness (hereinafter "CW") reported to police an alleged sexual assault that allegedly took place on August 19, 2016.

2.  Detectives Eric Caspillo (hereinafter "Caspillo") and Ray Takekawa (hereinafter "Takekawa") monitored and gave direction to CW during a pretext phone call made by CW to Defendant on September 14, 2016.

3.  Between the date of the alleged sexual assault and the pretext phone call, Defendant was arrested on unrelated charges on September 5, 2016 that is the subject of Case No. 5PC-16-1-0313.

4.  During the pretext phone call reference is made to the September 5, 2016 charges, which were referred to as felonies, beating up Jesse, etc.

5.  The sexual assault allegations were part of compound questions being asked by CW, as directed by the police, to Defendant during a call that interrupted his work.

---

[3]     The circuit court's ruling on Garner's motion to suppress is not at issue in this appeal.

. . . .

### CONCLUSIONS OF LAW

. . . .

2. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Hawaii Rules of Evidence (hereinafter "HRE"), Rule 403.

. . . .

5. Furthermore, Caspillo's commentary made on the recordings and both recordings mentioning Defendant's arrest for and [sic] alleged commission of other offenses not related to the charges in this matter, the probative value of the Defendant's recorded statement is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. HRE, Rule 403.

### ORDER GRANTING DEFENDANT'S MOTION IN LIMINE #1

Based on the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED AND DECREED that Defendant's Motion in Limine #1 filed on January 18, 2019 is GRANTED;

IT IS FURTHER ORDERED that the government and its witnesses are hereby prohibited from introducing or referring to at trial in this matter: (1) the contents of the pretext phone call from the complaining witness to Defendant on September 14, 2016[.]

The State objected to the form of the order on the grounds that "conclusions of law fail to address State's argument that contested portion of pretext call can be excised out."

This appeal followed.

### STANDARD OF REVIEW

HRE Rule 403 provides:

**Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Evidentiary decisions based on HRE Rule 403 require a "judgment call" by the trial court, and are reviewed for an abuse of discretion. Tabieros v. Clark Equip. Co., 85 Hawai'i 336, 351, 944 P.2d 1279, 1294 (1997). The trial court abuses its discretion

6

when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant.  Id.

### DISCUSSION

**The circuit court abused its discretion by failing to make findings and enter conclusions addressing the State's position that the objectionable portions of the recorded telephone call could be edited out without confusing any issues or potentially misleading the jury.**

The circuit court's amended findings of fact, conclusions of law, and order granting Garner's motion in limine (regarding his recorded telephone call with CW) also purports to resolve Garner's motion to suppress (regarding statements he later made to Detective Caspillo).  Perhaps for that reason, the circuit court's findings and conclusions did not always clearly differentiate between the motion in limine and the motion to suppress.  For example, conclusion of law no. 5 states:

> 5.  Furthermore, Caspillo's commentary made on the recordings and both recordings mentioning Defendant's arrest for and [sic] alleged commission of other offenses not related to the charges in this matter, the probative value of the Defendant's recorded statement is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  HRE, Rule 403.

This conclusion of law actually presents mixed questions of fact and law, which we review under the "clearly erroneous" standard because the circuit court's conclusions are dependent on the facts and circumstances of the case.  Estate of Klink ex rel. Klink v. State, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007). Conclusion of law no. 5 is clearly erroneous because the recorded telephone call does not contain Detective "Caspillo's commentary[.]"

The State does not dispute the circuit court's conclusion that the references in the recorded telephone call to Garner's and CW's children and Garner being "bailed out" and "facing like some felonies" for "beating up Jessie" are prejudi-

cial under HRE Rule 403 and would be inadmissible under HRE Rule 404(b) ("Other crimes, wrongs, or acts."). However, the State contends, and we agree, that the circuit court abused its discretion by failing to make specific findings and conclusions in connection with the State's argument that the objectionable portions of the recording could be edited out without confusing any issues or potentially misleading the jury.[4] See Hawai'i Rules of Penal Procedure, Rule 12(e) ("Where factual issues are involved in determining a [pretrial] motion, the court shall state its essential findings on the record."); cf. State v. Anderson, 67 Haw. 513, 513-14, 693 P.2d 1029, 1029-30 (1985) (motion to suppress); State v. Rodrigues, 122 Hawai'i 229, 236, 225 P.3d 671, 678 (App. 2010) (same). We are unable to discern, based upon the record on appeal, on what basis if any the circuit court exercised its discretion to exclude the entire recorded telephone call despite the State's offer to edit the portions to which Garner objected.

Garner argued, for the first time in opposition to the State's motion for reconsideration, that HRE Rule 106 precludes the State from offering an edited version of the recorded telephone call. Rule 106 provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the party at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

HRE Rule 106 would apply if the State offered an edited version of the recorded telephone call and Garner then requested that the portions of the call that were edited out also be played for the jury at the same time. Rule 106 contemplates the opposite of the situation presented by this appeal; it does not apply to Garner's motion in limine.

---

[4] Garner argues that "the sheer volume of the necessarily redacted portion of the tape would likely result in long periods of silence on the tape. Evidence of silence has 'significant potential for prejudice[.]'" (citation omitted). We express no opinion on how the recording at issue can, or should, be edited; the circuit court has discretion to address this issue, if necessary.

We decline to address Garner's argument — made for the first time on appeal — that the State's recording of CW's telephone call to him before he was taken into custody or otherwise deprived of his freedom by the authorities in any significant way (as opposed to the later custodial interview by Detective Caspillo) violated his Sixth Amendment right to counsel. See State v. Baker, 142 Hawai'i 466, 474, 421 P.3d 674, 682 (App. 2017) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal.") (cleaned up).

**CONCLUSION**

For the foregoing reasons, we vacate the "Amended Findings of Fact, Conclusions of Law, and Order Granting Defendant's Motion in Limine #1" entered by the circuit court on May 1, 2019, and remand for the circuit court to make findings of fact and enter conclusions of law addressing the State's position that the recorded telephone call from CW to Garner could be played for the jury, after objectionable portions are edited out, without confusing any issues or potentially misleading the jury.

DATED: Honolulu, Hawai'i, May 4, 2020.

On the briefs:

Justin F. Kollar,
Tracy Murakami,
for Plaintiff-Appellant.

Daniel G. Hempey,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge

9